IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MARTINEZ, | No. Civ. S-06-1399 DFL GGH |
| Plaintiff, | <u>Memorandum of Opinion</u><br><u>and Order</u> |
| v. | |
| G. MARONI CO., dba CHURCH'S CHICKEN #948, and MARONI-LUTFI PROPERTY MANAGEMENT, LP, | |
| Defendants.       / | |

Plaintiff Tony Martinez moves for attorneys' fees in the amount of $6,958.25 following his pre-trial settlement with defendants G. Maroni Co., doing business as Church's Chicken, and Maroni-Lutfi Property Management. Defendants challenge the requested fee award. For the following reasons, the court awards $1804.08 in attorneys' fees and costs.

I.

On June 22, 2006, Martinez filed this action against defendants, alleging forty-one violations of the Americans with Disabilities Act (ADA) and related state statutes. Defendants

made a Federal Rule of Civil Procedure 68 offer of judgment to plaintiff on August 16 and filed a motion to dismiss on August 17.  On August 23, plaintiff accepted defendants' Rule 68 offer.  On September 6, judgment entered based upon the agreement.  The parties left the issue of attorneys' fees for this motion.

The forty-one barriers alleged by plaintiff do not directly correspond to the modifications specified in the settlement agreement.  Under the settlement agreement, defendants paid plaintiff $4,001 and agreed to: (1) add tow away parking signs; (2) add a van-accessible parking place with signage; (3) remove outdoor seating; (4) add the proper ISA sticker at the entrance closest to the van-accessible parking; (5) remove a partition in the women's restroom; (6) lower the toilet paper dispensers in both the men's and women's restrooms; and (7) check and maintain the sinks in the men's and women's restrooms for proper knee clearance and insulation.

Under a prior settlement agreement with a different plaintiff in a separate ADA action, defendants agreed to remedy "the lack of a van-accessible parking space" at the restaurant.  When plaintiff filed this action, the specified time in which to remedy barriers under the prior agreement had not expired.

II.

The ADA and Unruh Civil Rights Act provide that a prevailing party should recover reasonable attorney's fees. See Martinez v. Longs Drug Stores, Inc., No. Civ-S-03-1843, 2005 WL 3287233, at *1 (E.D. Cal. Nov. 28, 2005). Calculating an appropriate fee award involves a two-step process. Fisher v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). "First, the court must calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." Id. "Second, a court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff seeks $5,950 for 30.9 attorney hours, $491.25 for 6.55 paralegal hours, and $517 for costs and expenses, for a total requested award of $6,958.25. Defendants argue that plaintiff's fee should be reduced in the following manner: (1) the attorneys' hourly rates should be lowered; (2) all paralegal time should be disallowed; (3) all billings after the August 16, 2006 Rule 68 offer should be disallowed; (4) all attorney travel time should be disallowed; (5) an appropriate reduction should be made for alleged barriers that defendants had previously agreed to remove; (6) an appropriate reduction should be made

for plaintiff's rate of success; and (7) all alleged costs and expenses should be disallowed.[1]  Defendants' suggested reductions are discussed individually below.

A.  Attorney Rates

Plaintiff seeks compensation for Lynn Hubbard at $300 per hour and Mark Emmett, Hubbard's associate, at $200 per hour. Defendants challenge these rates, arguing that $250 per hour for Hubbard and $150 per hour for Emmett are more appropriate rates. The court finds defendants' suggested rates to be consistent with prior fee awards in the district for litigation of this subject matter and complexity.  See Martinez, 2005 WL 3287233, at *4.  Here, as in Martinez, plaintiff provides "no other evidence other than [the attorney's] declaration to justify a rate."  Id. at 4.  Because plaintiff has failed to demonstrate why Hubbard and Emmett should be compensated at above-market rates, the court will calculate their hourly fees using the $250 and $150 per hour rates, respectively.

B.  Paralegal Fees

Plaintiff seeks compensation for paralegal work at $75 per hour.  Defendants argue that paralegal fees should not be

---

[1] Defendants also argue that the court has discretion to deny all fees because plaintiff sued without providing pre-filing notice to defendants.  The court, however, has previously held that "the ADA does not require plaintiffs to engage in such pre-litigation efforts."  Martinez, 2005 WL 3287233, at *2.

4

reimbursed because plaintiff's paralegal declarations do not state the required qualifications under Cal. Bus. & Prof. Code § 6450 and the requested fees relate to mostly secretarial or administrative tasks. The court grants paralegal fees but reduces them based upon the substance of work performed. The court previously found paralegal Bonnie Vonderhaar qualified under § 6450. Sanford, 2005 WL 4782697, at *4. Although it previously found Crista Duncan unqualified, id., she since has satisfied § 6450 through completion of the U.C. Davis paralegal program. As for the substance of the work billed, plaintiff seeks fees at the paralegal rate for copying, faxing, and mailing documents. "[F]iling and serving documents are secretarial tasks that cannot be billed at a paralegal rate, regardless of who performs them." Martinez, 2005 WL 3287233, at *7. The court reduces plaintiff's paralegal fees by 2.2 hours for tasks more appropriately handled by a secretary than a paralegal.[2]

C.  Rule 68 Reduction

Defendants argue that plaintiff should not recover fees for activity following defendant's Rule 68 offer on August 16, 2006.

---

[2] The court denies paralegal fees for the following work: Crista Duncan, 7/03/06 (both entries); Crista Duncan, 7/14/06; Bonnie Vonderhaar, 7/27/06 (both entries, with the exception of 0.2 hours allowed for meeting with calendar clerk); Crista Duncan, 8/03/06.

The argument lacks merit. Defendants' Rule 68 offer of judgment stated that it "exclud[ed] costs and attorney fees now accrued." It was silent as to whether its award of $4,001 included any costs or fees accrued after the offer's acceptance. Such ambiguity is construed against the offeror. See <u>Nusom v. Cohm Woodburn, Inc.</u>, 122 F.3d 830, 833-34 (9th Cir. 1997). The court, however, need not interpret the offer's silence. "[A] Rule 68 offer for judgment in a specific sum together with costs, which is silent as to attorney fees, does not preclude the plaintiff from seeking fees when the underlying statute does not make attorney fees a part of costs." <u>Id.</u> at 835. Since neither the ADA nor applicable California law defines costs to include attorney's fees, <u>Martinez</u>, 2005 WL 3287233, at *4, the accepted Rule 68 offer does not bar plaintiff from seeking post-acceptance fees.

D.   Travel Time

Plaintiff seeks compensation at a reduced rate for attorney time spent traveling to and from the barrier site. Defendants argue that plaintiff's claim for attorney travel time should be disallowed as unreasonable. The court previously has rejected compensation for Hubbard's travel time from his office in Chico to Sacramento barrier sites. Although such time normally might be billed to a paying client, such a client would have had the opportunity to choose whether to accept such charges or find an

6

attorney closer to the property at issue.  See Martinez, 2005 WL 3287233, at *5.  Defendants, however, do not have the benefit of such a choice.  Moreover, the court finds that it would be unreasonable to compensate Hubbard and his associate for travel time from Chico to Sacramento when the attorneys generate a large volume of work in Sacramento and request compensation at Sacramento rates.  Id.  By continuing to base their offices in Chico, while focusing much of their practice on Sacramento, the attorneys accept the predictable time and expense involved with litigating in a community other than their own.  The court reduces each attorney's fees by 4 hours for travel time.

    E.  Barriers Addressed in Prior Settlement

Plaintiff claims that he prevailed on his claim regarding barriers in the site's parking lot.  Defendants argue that plaintiff should not receive fees for the van-accessible parking claim due to a prior settlement agreement requiring the addition of such a parking space.  A plaintiff prevails on a claim when the claim materially alters a legal relationship to the plaintiff's advantage.  See Barrios v. California Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002).  A legal relationship is altered when "the plaintiff can force the defendant to do something he otherwise would not have to do."  Id.  Here, although defendants agreed to provide plaintiff with the requested parking relief, a prior binding settlement

agreement already required them to remedy the alleged barrier. Plaintiff received notice of the prior settlement agreement before entering into his agreement with defendants. Inclusion of van-accessible parking in this settlement did not impose new obligations upon defendants. To award fees for such activity would encourage unproductive and wasteful litigation. The court finds that plaintiff did not prevail for fee purposes on claims related to van-accessible parking due to the existence of a prior settlement agreement requiring such barriers to be remedied.

### F.  Degree of Success

Plaintiff originally alleged forty-one violations of federal and state law. He argues that he succeeded in 100% of his claims because defendants have agreed to remedy ADA violations related to (1) tow away parking signs, (2) van-accessible parking, (3) outdoor seating, (4) ISA stickers at the restaurant entrance, (5) the women's restroom toilet partition, (6) the lowering of toilet paper dispensers, and (7) clearance and insulation under bathroom sinks. Defendants argue, based on the settlement agreement, that plaintiff succeeded on seven of forty-one claims and should have fees reduced accordingly.[3]

---

[3]  As discussed above, the court finds for fee purposes that plaintiff was not a prevailing party on the van-accessible parking claim.

The parties' methods for evaluating plaintiff's degree of success are too simplistic.  Neither party attempts to demonstrate specifically how the settlement terms correspond with the originally claimed barriers.  The court, to the best of its ability given the limited development of the claims, finds that the settlement addressed eleven of the forty-one alleged violations noted in the Preliminary Site Accessibility Report, attached to the complaint.[4]  The court declines, however, to engage in a direct proportional reduction of the fees by the eleven out of forty-one success rate.  Such precision is artificial, given the limited fee documentation provided by plaintiff.  Plaintiff's billing records are "not sufficiently detailed to enable the court to match each entry to the corresponding claims."  Martinez, 2005 WL 3287233, at *4.  Therefore, although guided by the proportional reduction analysis, the court reduces plaintiff's fees by two-thirds based

---

[4] The court finds that the settlement agreement did not address the following claims:  Claims 2-11 (concerning parking lot features other than tow away parking signs); Claims 12-15 (concerning exterior route of travel issues); Claims 18-19 (concerning the counters in the restaurant); Claims 22-24 (concerning the dining room seating); Claim 25 (concerning directional signage to the restroom); Claim 27 (concerning interior doors); Claims 30-32 (concerning water closet features or obstructions); Claims 33-36 (concerning toilet paper dispenser features unrelated to height); Claim 37 (concerning placement of the lavatory); and Claim 40 (concerning placement of the soap dispenser).  The court finds that Claims 1, 16-17, 20-21, 26, 28-29, 38-39, and 41 are addressed by the settlement agreement.

upon a general assessment of his success as well as the court's estimate of the amount of time reasonably incurred to achieve that level of success.

G. Costs and Expenses

Plaintiff seeks $517.00 in litigation costs for electronic research fees, a site report, postage, and telephone service. Defendants argue that plaintiff has already been compensated for these expenses in the bill of costs. Defendants also argue that the expenses are unsubstantiated. These arguments are unpersuasive. Plaintiff's bill of costs sought compensation only for the filing fee and service. Here, plaintiff seeks compensation for different expenses. Although plaintiff does not provide extensive documentation supporting the expenses, the attorneys' declarations provide sufficient support given the reasonableness of plaintiff's requested amount. The court awards plaintiff $517.00 in costs and expenses.

III.

For the above reasons, the court awards the plaintiff $1287.08 in attorneys' fees, calculated as follows:

|  | Hours | Rate | Total |
|---|---|---|---|
| Lynn Hubbard | 1.00 | $250 | $250.00 |
| Mark Emmett | 21.90 | $150 | $3285.00 |

```
Paralegals         4.35              $75                 $326.25

Sub-total:                                               $3861.25

Negative
Multiplier
(2/3):                                                   $1287.08
```

Additionally, the court awards plaintiff $517.00 in costs and expenses.  In total, the court awards plaintiff $1804.08.

    IT IS SO ORDERED.

Dated: May 1, 2007

                                        /s/ David F. Levi_____
                                      DAVID F. LEVI
                                      United States District Judge